ARTHUR JAMES DOTSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Dotson v. Commissioner
Docket No. 8230-79.
United States Tax Court
T.C. Memo 1981-51; 1981 Tax Ct. Memo LEXIS 693; 41 T.C.M. (CCH) 832; T.C.M. (RIA) 81051; February 10, 1981. Norman D. Zimmerman, for the petitioner. Eugene Meyers, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioner's 1976 income tax in the amount of $ 2,317. Due to concessions by the parties, the only issues for decision are (1) whether petitioner is entitled to dependency exemptions for four of his children under section 151(e), I.R.C. 1954, as amended and in effect for 1976, and (2) whether petitioner is entitled to a deduction for charitable contributions in excess of the amounts *694 allowed by respondent. FINDINGS OF FACT The stipulated facts are so found. Petitioner filed an individual Federal income tax return for 1976 with the Southeast Service Center, Chamblee, Ga. Petitioner was a resident of Florida when he filed his petition herein. During the taxable year 1976 petitioner was married to Mary E. Dotson. They lived together, in a mortgaged house, until August of 1976, when Mary moved out and rented an apartment. Four of their children, Joel, Arthur, Kathy, and Cynthia, lived with them until May left. The four children lived in the apartment with Mary the remainder of the year 1976. Another daughter, Alice, and her daughter, Kecy, lived with Alice's grandmother during 1976, and did not live with petitioner. Petitioner was employed as a "roofer" by Pompano Roofing Co., Inc., during 1976 and was paid wages totaling $ 11,722.71 for the year. Petitioner also went to the racetrack frequently during 1976 and bet on the races. He reported racetrack winnings in the amount of $ 2,274 on his tax return for 1976. During the early part of 1976 and until May of 1976 petitioner gave Mary about $ 40-$ 60 each week on a fairly regular basis to pay household *695 expenses. He also gave her about $ 163 per month to meet the mortgage payments and he paid for medical insurance for the family through a payroll deduction. Petitioner and Mary had an altercation in May and thereafter petitioner only gave Mary money for household expenses sporadically. After Mary and the children left in August, petitioner provided little, if any, of their support. Mary worked as a maid at a maid at a motel throughout the year 1976. She received wages in the amount of $ 4,782.07 during 1976 and also received tips from time to time. Mary used all of her own money and the money given to her by petitioner to pay the household expenses and to provide support for the children. After she moved into the apartment in August she paid rent in the amount of $ 176 per month and also paid for food, clothing, medicines, and miscellaneous expenses for the children. Petitioner does not know how much it costs to support the four children during 1976, nor does he know how much he paid for their support. Mary filed a separate Federal imcome tax return for the year 1976 on which she claimed dependency exemptions for Joel, Arthur, Kathy, and Cynthia. This Court held that she *696 was entitled to these exemptions in Mary Dotson v. Commissioner, T.C.Summary Opinion 1980-667, filed November 26, 1980. Petitioner did not go to church regularly but did odd jobs for the church from time to time. Quite frequently he stopped to talk to the minister outside the church and usually gave him $ 10 to $ 15 in cash for the church. In the notice of deficiency respondent disallowed dependency exemptions for petitioner's five children and one granddaughter, and for his wife, Mary. Respondent also disallowed the entire amount of $ 2,704 claimed on petitioner's returns as itemized deductions, for lack of substantiation. ULTIMATE FINDINGS OF FACT The parties stipulated that petitioner was not entitled to an exemption for Mary and his older son, James, and we so find. We also find that petitioner's daughter, Alice, and her daughter, Kecy, did not live with petitioner in 1976 and petitioner did not contribute over one-half of their support; and that petitioner did not contribute over one-half of the support for Joel, Arthur, Kathy, or Cynthia during 1976. Petitioner made such contributions to the church in the amount of $ 161 during 1976. The parties stipulated *697 orally at the trial as follows, and we so find: 1. Petitioner is entitled to a deduction for taxes in the amount of $ 534, the amount claimed on the return. 2. Petitioner is entitled to a deduction for interest in the amount of $ 1,475, which is the amount claimed on the return less $ 165, which petitioner concedes. 3.Petitioner is entitled to miscellaneous deductions for tax preparation in the amount of $ 18, and for small tools in the amount of $ 31, which are the amounts claimed on the return. OPINION Under section 151(e), I.R.C. 1954, a taxpayer was allowed an exemption for 1976 for each dependent (as defined in section 152) whose gross income for the year was less than $ 750, or who was a child of taxpayer and had not attained the age of 19. The term "dependent" is defined in section 152, interalia, as a son or daughter of the taxpayer over half of whose support for the taxable year was received from the taxpayer (or is treated as having been received from the taxpayer under subsection (c) or (e)). Since petitioner and Mary were not divorced, legally separated under a decree of divorce or separate maintenance, or separated under a written separation agreement, *698 and had not entered into a multiple support agreement, subsections (c) and (e) are not applicable. Therefore, the burden was on petitioner to prove that he provided more than one-half of the support for 5 of his children and one grandchild. We have found from the evidence that Alice and her daughter, Kecy, did not live with petitioner in 1976 and that petitioner provided little, if any, of their support for that year. With respect to Joel, Arthur, Kathy, and Cynthia, petitioner has offered no evidence of the total cost of supporting each of them and very indefinite evidence of the amount he provided for the support of each of them. Even if we credit petitioner with support of these children of $ 200 per month cash given to Mary and $ 163 paid on the mortgage for the seven and one-half months they lived with him, and with the premiums paid on the family medical insurance policy, such would total considerably less than the total amount we find Mary contributed for the support of those four children. Consequently, petitioner has failed to prove that he provided more than one-half the support for any of the children and we cannot allow him any dependency exemptions. The only other *699 issue for decision is whether petitioner is entitled to a deduction for charitable contributions, and if so, the amount thereof. Petitioner claimed a deduction on his return in the amount of $ 520 for contributions to his church, and $ 11 for a contribution to Crippled Children. While petitioner has offered no substantiating evidence, we do believe his testimony that he made a contribution to Crippled Children in the amount claimed and that he made some contributions to his church. Under the rule established in Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930), we have conclude that he contributed $ 150 to the church in 1976. We hold that petitioner is entitled to a deduction for charitable contributions in the total amount of $ 161 in 1976. Decision will be entered under Rule 155.